UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>ECOFACTOR, INC.,<br><br>        Defendant.<br><br>ECOFACTOR, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE, LLC,<br><br>        Defendant. | Case Nos. 22-cv-00162-JSW<br>               22-cv-07661-JSW<br><br>**ORDER GRANTING MOTION TO STAY AND VACATING CASE MANAGEMENT CONFERENCES**<br><br>Re: Dkt. No. 73 |

Now before the Court for consideration is the motion to stay filed by Plaintiff Google, Inc. ("Google"). The Court has considered the parties' papers, relevant legal authority, and the record in this case and finds the motion suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78 N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for February 3, 2023, VACATES the case management conference in these cases, also set for February 3, 2023, and it HEREBY GRANTS Google's motion.

## BACKGROUND

Defendant EcoFactor, Inc. ("EcoFactor") alleges that Google infringes four of EcoFactor's U.S. Patents: 8,423,322 (the "'322 Patent"), 8,131,497 (the "'497 Patent"), 10,018,371 (the "'371 Patent"), and 8,498,753 (the "'753 Patent"). On January 11, 2022, Google initiated this action seeking declaratory relief. On May 16, 2022, the Court stayed this case pending resolution of a

motion to transfer an action filed by EcoFactor in the United States District Court for the Western District of Texas, *EcoFactor, Inc. v. Google, Inc.* The motion was granted and the cases have been related. (Dkt. No. 77.)

As recounted in the Court's Order staying this case pending a ruling on the motion to transfer, in 2019, EcoFactor initiated proceedings with the International Trade Commission ("ITC"). In November 2019, EcoFactor filed a complaint in the United States District Court for the District of Massachusetts (the "Massachusetts Action"). In each of these proceedings, EcoFactor alleged Google infringed the patents at issue here. The Massachusetts Action was stayed pending the ITC proceeding,

The ITC found Google infringed the asserted claims of the '497 and '322 Patents but also found the claims invalid. The ITC also concluded Google infringed the asserted claims of the '371 Patent and found those claims valid. EcoFactor appealed but later moved to dismiss the appeal, and when Google indicated it did not oppose, the Federal Circuit terminated the appeal. EcoFactor also voluntarily dismissed the Massachusetts Action and immediately thereafter filed the related case in Texas, before Google got this declaratory relief suit on file.

In 2020, Google petitioned for *inter partes* review of all four patents. The Patent Trial and Appeal Board ("PTAB") denied the petitions relating to the '322, '497, and '371 Patents, in light of the pending ITC proceedings. The PTAB granted the petition relating to the '753 Patent and concluded that all claims of the '753 Patent were not unpatentable. Google appealed that decision to the United States Court of Appeals for the Federal Circuit, which remains pending.

In August and September 2022, while this case was stayed pending a ruling on a motion to transfer, Google filed requests for *ex parte* reexamination of all claims of the '322, '497, and '371 Patents. (Declaration of James P. Gagen ("Gagen Decl."), ¶¶ 4-7, Exs. 1-3.) The PTAB granted the requests for reexamination, which also remain pending.[1]

---

[1] The patent reexamination statute provides in pertinent part that "[a]ny person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301." 35 U.S.C. § 302. The PTO must then grant reexamination within three months if it determines that "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. §§ 303(a), 304.

The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Courts have inherent power to manage their dockets and stay proceedings, including authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). The determination of whether to grant or deny a request for a stay is a matter that falls soundly within the Court's discretion, and Google bears the burden of demonstrating that a stay is appropriate. *Netlist, Inc. v. Smart Storage Systs., Inc.*, No. 13-cv-5889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

The Court considers three factors to evaluate a request to stay pending reexamination of a patent. First, the Court considers the stage of the litigation. *See, e.g., VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014), EcoFactor does not dispute that *this* case is in the early stages of litigation. The initial case management for both cases was scheduled for February 3, 2023. EcoFactor argues the related case has progressed substantially because the parties exchanged infringement and invalidity contentions and filed claim construction briefs, in which Google argued that several claim terms are indefinite. *Cf. Int'l Test Sol'ns, Inc. v. Mipox Int'l Corp.*, No. 16-cv-00791-RS, 2017 WL 1316549, at * (N.D. Cal. Apr. 10, 2017) (denying stay where defendant argued each claim was indefinite and court had decided the issue).

Because of prior litigation involving the patents-in-suit, the parties do "anticipate reaching agreement on the re-use in this case of certain discovery materials from their prior cases[.]" (Joint Case Management Conference Statement at 7:6-10; *see also* Declaration of Kristopher Davis ("Davis Decl."), ¶¶ 2-3.) Looking at the parties' litigation history as a whole, this Court finds this factor is neutral or weighs slightly against a stay. *Cf. Netlist,* 2014 WL 4145412, at *1 (citation omitted) (noting a court may consider the "totality of the circumstances" to determine whether a stay is appropriate).

3

Second, the Court considers whether a stay would simplify the issues and the trial. *VirtualAgility*, 759 F.3d at 1309. Reexamination may, in almost all cases, conceivably simplify issues by cancelling the claims, thus "eliminat[ing] the need for trial," or by "providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995). In light of the fact that the PTAB has initiated reexamination proceedings on three of the four patents at issue at a time when this Court has not begun claim construction proceedings, the Court concludes EcoFactor has demonstrated that a stay would simplify the issues.

Third, the Court considers whether "a stay, or denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party[.]" *VirtualAgility*, 759 F.3d at 1309. "[C]ompetition between parties can weigh in favor of finding undue prejudice[.]" *Id.* at 1318. EcoFactor claims it competes with Google, but Google disputes this assertion. (*Compare* Davis Decl., ¶¶ 11-17, Exs. G-N *with* Gagen Reply Decl., ¶¶ 3-5, 10, Exs. 9-11, 16.) The Court concludes EcoFactor has not shown it would be unduly prejudiced by a limited stay. Accordingly, the Court concludes this factor weighs in favor of granting Google's motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Google's motion to stay. This ruling is without prejudice to EcoFactor filing a motion to lift the stay if circumstances develop that warrant revisiting the ruling.

It is FURTHER ORDERED that the parties shall submit joint status reports every 180 days until the stay is lifted, and their first joint status report shall be due by July 31, 2023.

**IT IS SO ORDERED**.

Dated: February 1, 2023

JEFFREY S. WHITE
United States District Judge