Bijal V. Vakil (SBN 192878)
googlendcaldjs@allenovery.com
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA 94301
Telephone: (650) 388-1699

Shamita Etienne-Cummings (SBN 202090)
James P. Gagen (*admitted pro hac vice*)
googlendcaldjs@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 833-3810

Grace I. Wang (*admitted pro hac vice*)
googlendcaldjs@allenovery.com
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8574

Robert A. Van Nest (SBN 84065)
Leo L. Lam (SBN 181861)
EFDJ-kvp@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Attorneys for Plaintiff / Counterclaim Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>　　Plaintiff and Counterclaim Defendant,<br><br>　　v.<br><br>ECOFACTOR, INC.<br><br>　　Defendant and Counterclaim Plaintiff. | Case No. 5:22-CV-00162-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>JURY DEMAND |
| ECOFACTOR, INC.,<br><br>　　Plaintiff and Counterclaim Defendant,<br><br>　　v.<br><br>GOOGLE, LLC<br><br>　　Defendant and Counterclaim Plaintiff. | Date: TBD<br>Time: TBD<br>Ctrm: 8 – 4th Floor<br>Judge: Hon. P. Casey Pitts<br>Related Case No. 5:22-CV-07661-PCP |

Google LLC ("Google") and EcoFactor, Inc. ("EcoFactor") (together, the "Parties") hereby submit this Joint Case Management Statement pursuant to this Court's Orders in *EcoFactor, Inc. v. Google LLC*, Case No. 4:22-cv-00162-PCP ("NDCal 00162"), ECF No. 86, and Case No. 4:22-cv-07661-PCP ("NDCal 07661"), ECF No. 120.

The two cases, NDCal 00162 and NDCal 07661 (together, the "Cases" or "Actions"), are related pursuant to Civil Local Rule 3-12 and involve identical patents and parties. *See* NDCal 00162, ECF No. 77; NDCal 07661, ECF No. 112. The Cases are currently stayed, with all deadlines vacated, pending ongoing parallel proceedings before the U.S. Court of Appeals for the Federal Circuit and U.S. Patent and Trademark Office ("USPTO"). *See* NDCal 00162, ECF No. 81; NDCal 07661, ECF No. 115.[1]

## I. JURISDICTION AND SERVICE

These Actions arise under 35 U.S.C. § 100 *et seq.* and 28 U.S.C. §§ 2201, 2202. The Parties agree that venue is proper, and that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201(a). Both Parties have been served.

## II. FACTS AND PROCEDURAL HISTORY

### A. Brief Factual Statement

### 1. Case No. 4:22-cv-00162

On January 11, 2022, Google filed a Complaint in this District against EcoFactor seeking a declaratory judgment of non-infringement of U.S. Patent Nos. 8,131,497 ("'497 Patent), 8,423,322 ("'322 Patent"), 8,498,753 ("'753 Patent"), and 10,018,371 ("'371 Patent") (collectively, "Patents-in-Suit"). NDCal 00162, ECF No. 1, Compl. ¶ 1. The products at issue are Google's Nest Learning Thermostat (3rd Gen.), Nest Thermostat E, and Nest Thermostat. EcoFactor filed its Answer on March 21, 2022. *Id.* ECF No. 27. In its Answer, EcoFactor asserted affirmative defenses and counterclaimed, alleging that Google infringes the Patents-in-Suit. Google filed its Answer to EcoFactor's counterclaims on April 11, 2022. *Id.* ECF No. 38.

---

[1]   As noted below, in Section V, the Parties agree to confer, once parallel proceedings have resolved and the stay is lifted, on amending pleadings to merge the scope of the two Cases.

On March 22, 2022, EcoFactor filed a Motion to Dismiss under the First-to-File Rule (*Id.* ECF Nos. 26, 29-30), requesting that the Court defer to *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00032 (W.D. Tex. Jan. 10, 2022) (the "Texas action"), as the first-filed case. Google opposed. *Id.* ECF No. 34. On May 16, 2022, this Court denied-in-part EcoFactor's Motion to Dismiss and stayed this case pending resolution of Google's Motion to Transfer the Texas action to this District. *Id.* ECF No. 41. In November 2022, the WDTX court granted Google's Motion to Transfer and this Court terminated EcoFactor's Motion to Dismiss. *Id.* ECF No. 69.

**2.      Related Case No. 4:22-cv-07661**

The related NDCal 07661 action is the transferred Texas action. The Texas action originated on January 10, 2022, when EcoFactor filed a Complaint asserting the same Patents-in-Suit. *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00032, ECF No. 1 (W.D. Tex. Jan. 10, 2022). On May 9, 2022, Google moved to transfer the Texas action to this District. *Id.* ECF Nos. 18 & 19. EcoFactor opposed. *Id.* ECF No. 83. On November 14, 2022, the WDTX court granted Google's Motion to Transfer, and ordered transfer of the Texas action to this District. *Id.* ECF No. 103. The Texas action was docketed in this District as Case No. 4:22-cv-07661 and administratively related to NDCal 00162. *Id.* ECF No. 112; *see* NDCal 00162, ECF No. 77.

**3.      Both Cases are Currently Stayed**

On December 16, 2022, Google filed a Motion to Stay pending *ex parte* reexaminations ("XPRs") in the USPTO and a Federal Circuit appeal concerning the validity of the Patents-in-Suit. NDCal 00162, ECF No. 73. EcoFactor opposed. *Id.*, ECF No. 78. On February 1, 2023, this Court (Judge Jeffrey S. White) granted Google's motion, stayed both Cases, and required that the Parties "submit reports every 180 days until the stay is lifted." *Id.* ECF No. 81 at 4; *see* NDCal 07761, ECF No. 115 (same). The Parties filed their first Joint Notice re: Status of Pending XPRs and Appeal on July 31, 2023, reporting, as outlined below, that the parallel XPRs and appeal are ongoing. NDCal 00162, ECF No. 85.

2

4. **USPTO and Federal Circuit Proceedings Involving the Patents-in-Suit**

Two of the Patents-in-Suit are subject to XPR proceedings before the USPTO, and XPR proceedings have concluded for a third Patent-in-Suit:

- **The '497 Patent**: Google filed a request for XPR on August 23, 2022, seeking review of claims 1-12 (all claims). The USPTO ordered reexamination 90/015,105 on November 7, 2022, of all claims and, on August 16, 2023, the USPTO issued an Office Action rejecting all claims as unpatentable. EcoFactor has two months, until October 2023, to file its response to this action. Proceedings are ongoing.

- **The '322 Patent**: Google filed a request for XPR on August 4, 2022, seeking review of claims 1-14 (all claims). The USPTO ordered reexamination 90/015,086 on September 28, 2022 and subsequently rejected all claims as unpatentable. EcoFactor proposed amendments to all independent claims. On August 23, 2023, the USPTO issued a Reexamination Certificate for the '322 patent with amended claims.

- **The '371 Patent**: Google filed a request for XPR on September 9, 2022, seeking review of claims 1-24 (all claims). The USPTO ordered reexamination 90/015,115 and, on May 3, 2023, issued an Office Action rejecting all claims as unpatentable. EcoFactor has filed its response. XPR proceedings are ongoing.

The fourth Patent-in-Suit is currently subject to an appeal before the Federal Circuit:

- **The '753 Patent**: In 2020, Google petitioned for *inter partes* review ("IPR") of the '753 Patent. The Board instituted IPR and issued a final written decision on March 3, 2022, holding the claims not unpatentable. Google timely appealed the Board's decision to the Federal Circuit, oral argument was held on September 5, 2023, and the appeal remains pending.

5. **Reassignment**

On July 24, 2023, Judge White entered Orders of Recusal, whereupon these Cases were reassigned twice, first to Judge Araceli Martinez-Olguin, and then to Judge P. Casey Pitts. NDCal 00162, ECF Nos. 83, 84, 86.

### 6. Other Patent Litigations Between the Parties

The Parties' other litigations are set forth below, which include two other cases pending in this District.

| Case |
|---|
| *Google LLC v. EcoFactor, Inc.*, No. 4:21-cv-03220-HSG (N.D. Cal. Apr. 30, 2021) – Stayed (pending parallel IPR of three out of four asserted patents, which concluded in August 2023 with all claims invalidated; status conference scheduled for September 26, 2023) |
| *Google LLC v. EcoFactor, Inc.*, No. 3:21-cv-01468-JD (N.D. Cal. Mar. 1, 2021) – Stayed (in light of ongoing XPR, IPR, and Federal Circuit proceedings regarding all four asserted patents) |
| *Certain Smart Thermostats, Smart HVAC Systems, & Components Thereof*, Inv. No. 337-TA-1185 (USITC Oct. 23, 2019) – Completed (November 2020 hearing; July 2021 final determination of no violation of 19 USC § 1337; no appeal) |
| *EcoFactor, Inc. v. Google LLC*, No. 1:19-cv-12322-LTS (D. Mass. Nov. 12, 2019) – Dismissed |
| *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex. Jan. 31, 2020) – On appeal (Fed. Cir. No. 22-1974) from February 2022 verdict and final judgment following jury trial awarding EcoFactor $20M in damages for patent infringement |
| *Certain Smart Thermostat Systems, Smart HVAC Systems, Smart HVAC Control Systems, and Components Thereof*, Inv. No. 337-TA-1258 (USITC Feb. 26, 2021) – Completed (December 2021 hearing; June 2022 final determination of no violation of 19 USC § 1337; no appeal) |
| *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00032-ADA (W.D. Tex. Jan. 10, 2022) – Transferred to N.D. Cal. as No. 3:22-cv-07661 on Nov. 14, 2022 |
| *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00350-ADA (W.D. Tex. Apr. 1, 2022) – Dismissed on Nov. 29, 2022 |

### B. Principal Factual Issues in Dispute

The primary disputed factual issues are:

   i. Whether Google directly and/or indirectly infringes any asserted claim of the Patents-in-Suit;

   ii. Whether any such infringement is willful;

   iii. Whether the asserted claims of the Patents-in-Suit are valid under 35 U.S.C. §§ 101, 102-103, 112; and

        iv.    The extent of damages and/or other relief (if any).

## III. LEGAL ISSUES

The primary disputed legal issues are:

      i.    Construction of the claims of the Patents-in-Suit;

      ii.    Whether any claims of the Patents-in-Suit are valid under 35 U.S.C. §§ 101, 102-103, 112 and/or enforceable;

      iii.    Whether Google has infringed and/or currently infringes any claim of the Patents-in-Suit under 35 U.S.C. § 271, and whether any such infringement was willful;

      iv.    Whether Google is entitled to a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*;

      v.    Whether EcoFactor is entitled to damages and/or other relief; and

      vi.    Whether any party is entitled to attorneys' fees pursuant to 35 U.S.C. § 285 and costs.

## IV. MOTIONS

The Cases are stayed with all deadlines vacated. NDCal 00162, ECF No. 81. The Court's Order provides that EcoFactor may "fil[e] a motion to lift the stay if circumstances develop that warrant revisiting the ruling." *Id.* at 4.

## V. AMENDMENT OF PLEADINGS

The Parties agree to confer, once the stay is lifted, regarding amendments to pleadings to merge the scope of the NDCal 00162 action with the transferred WDTX action (NDCal 07661) and the deadline to amend pleadings.

## VI. EVIDENCE PRESERVATION

The Parties hereby report and certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirm that they have met and conferred

5

pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in these Cases.

## VII. DISCLOSURES

The Cases are stayed with all deadlines vacated. NDCal 00162, ECF No. 81. The Parties will confer, once the stay is lifted, to set a deadline for initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A).

## VIII. DISCOVERY

The Cases are stayed with all deadlines vacated. NDCal 00162, ECF No. 81. The Parties have not yet commenced merits discovery and will jointly propose a claim construction and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) once parallel proceedings have resolved and the stay here is lifted. At this time, the Parties do not propose any additional limitations or modifications to the discovery rules set forth in the Federal Rules of Civil Procedure, Civil Local Rules, or Patent Local Rules.

## IX. CLASS ACTION

This is not a class action.

## X. RELATED CASES

The table provided in Section II.A, *supra*, lists all cases between the Parties involving allegations of infringement of EcoFactor's patents.

## XI. RELIEF

These Cases are stayed with all deadlines vacated. NDCal 00162, ECF No. 81. Thereafter, Google requests that the Court enter judgment in Google's favor, as follows:

   a. That the Court find that Google has not infringed, and does not infringe, directly or indirectly, any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, willfully or otherwise;

   b. That the Court find all claims of the Patents-in-Suit invalid and/or unenforceable;

c. That the Court find that EcoFactor is not entitled to any relief, including damages or equitable relief;

d. That the Court find that this is an exceptional case under 35 U.S.C. § 285;

e. That the Court award attorneys' fees and costs to Google; and

f. That the Court provide further relief as the Court deems appropriate.

EcoFactor requests that the Court enter:

a. A judgment in EcoFactor's favor that Google has infringed, literally and/or under the doctrine of equivalents, each of the four Patents-in-Suit;

b. A judgment in EcoFactor's favor that Google's infringement of each Patent-in-Suit has been willful and egregious under 35 U.S.C. § 284;

c. A permanent injunction prohibiting Google from further acts of infringement of the Patents-in-Suit;

d. A judgment and order requiring Google to pay EcoFactor its damages, enhanced damages, costs, expenses, and pre-judgment and post-judgment interest for Google's infringement of each Patent-in-Suit;

e. A judgment and order requiring Google to provide accountings and to pay supplemental damages to EcoFactor, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to EcoFactor its reasonable attorneys' fees against Google; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

XII. **SETTLEMENT AND ADR**

A. **Prospects for Settlement**

The Parties are continuing settlement negotiations.

**B.    ADR Efforts to Date**

The Parties have engaged in various ADR methods, including during two investigations at the International Trade Commission, and have completed one ADR session with Judge Gandhi but were unable to reach any agreement. Google submitted an ADR certification on March 24, 2022 (NDCal 00162, ECF No. 31). Further, although the Parties have not reached settlement to date during the course of related proceedings, the Parties will continue to meet and confer to discuss whether settlement is possible.

**XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties decline to consent to magistrate judge jurisdiction for further proceedings.

**XIV.    OTHER REFERENCES**

At this stage, the Parties do not believe that these Actions are suitable for reference to a binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**XV.    NARROWING OF ISSUES**

At this stage, the Parties are unable to narrow any issues by agreement or otherwise, but the Parties will meet and confer during the pendency of the Actions and will consider reasonable narrowing proposals as discovery progresses and/or the Court issues rulings

**XVI.    EXPEDITED SCHEDULE**

The Parties agree that the procedure for expedited trials set forth in General Order No. 64 is inappropriate to resolve the issues in these Actions. In particular, the Parties believe that more than two expert witnesses from each side will need to testify. *See* N.D. Cal. Gen. Order No. 64 (June 21, 2011).

**XVII.    SCHEDULING**

This Case is stayed with all deadlines vacated. NDCal 00162, ECF No. 81.

**XVIII.    TRIAL**

The Parties agree that the case will be tried to a jury. The Parties expect trial to last approximately two weeks.

XIX. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have each filed individual statements pursuant to Civ. L.R. 3-15. *See* No. 4:22-cv-00162, ECF No. 3 (Google's Statement) (January 11, 2022), and ECF No. 28 (EcoFactor's Statement) (March 21, 2022).

XX. **PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

XXI. **OTHER MATTERS THAT FACILITATE JUST, SPEEDY, INEXPENSIVE DISPOSITION**

The Parties do not have further proposals at this time.

Dated: September 11, 2023   Respectfully submitted,

By: /s/ *Bijal V. Vakil*

Bijal V. Vakil (SBN 192878)
Eric E. Lancaster (SBN 244449)
googlendcaldjs@allenovery.com
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA 94301
Telephone:  (650) 388-1650
Facsimile:  (650) 388-1699

Shamita D. Etienne-Cummings (SBN 202090)
Megan M. Ines (SBN 298246)
James P. Gagen (*pro hac vice)*
Emily Lipka (*pro hac vice*)
Jacob Rothenberg (*pro hac vice*)
Alan M. Billharz (*pro hac vice*)
googlendcaldjs@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 833-3810
Facsimile:  (202) 683-3999

Grace I. Wang (*pro hac vice*)
googlendcaldjs@allenovery.com
ALLEN & OVERY LLP

1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8574
Facsimile:  (212) 610-6399

Robert A. Van Nest (SBN 84065)
Leo L. Lam (SBN 181861)
EFDJ-kvp@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

*Attorneys for Plaintiff / Counterclaim Defendant Google LLC*


By: */s/  Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
James N. Pickens (CA SBN 307474)
Minna Y. Chan (CA SBN 305941)
Kristopher R. Davis (CA SBN 329627)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
rmirzaie@raklaw.com
jpickens@raklaw.com
mchan@raklaw.com
kdavis@raklaw.com
rak_ecofactor@raklaw.com

*Attorneys for Defendant/Counterclaim Plaintiff*
ECOFACTOR, INC.

10

**ATTESTATION**

I, Bijal Vakil, am the ECF user whose ID and password authorized the filing of this document.  Under Civil L. R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated:  September 11, 2023                    By: */s/ Bijal V. Vakil*
                                                                         Bijal V. Vakil

# CERTIFICATE OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 High Street, Palo Alto, California 94301.

On September 11, 2023, I caused the foregoing document described as:

**JOINT CASE MANAGEMENT STATEMENT**

to be served on EcoFactor electronically via the Allen & Overy LLP email system at the email address set forth below:

| | |
|---|---|
| James N. Pickens, Esq.<br>Russ August and Kabat<br>1104 NW 88th Way<br>Plantation, FL 33322<br>954-637-2393<br>Email: jpickens@raklaw.com | Kristopher R Davis<br>Reza Mirzaie<br>Russ August and Kabat<br>12424 Wilshire Boulevard<br>12th Floor<br>Los Angeles, CA 90025<br>310-826-7474<br>Email: kdavis@raklaw.com<br>Email: rmirzaie@raklaw.com<br>Email: rak_ecofactor@raklaw.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 11, 2023, at Palo Alto, California.

/s/ Bijal V. Vakil
Bijal V. Vakil